1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   ACEMLA DE PUERTO RICO, INC.
4   (ACEMLA) A/K/A ASOCIACION DE
5   COMPOSITORES Y EDITORES DE
6   MUSICA LATINOAMERICANA, AND              Civil No. 05-1454(PG)
7   LATIN AMERICAN MUSIC CO., INC.,
8   (LAMCO),

9        Plaintiffs,

10       v.

11  EL PERIODICO DE LA NACION
12  PUERTORRIQUEÑA; ABC
13  CORPORATION; JOHN DOE AND JANE
14  DOE, AND THE CONJUGAL
15  PARTNERSHIP THEY FORM, AND DEF
16  INSURANCE COMPANY,

17       Defendants.

18                              **O R D E R**

19       The presiding judge has requested our assistance in addressing
20  the renewed motion for temporary restraining order, Docket Document
21  No. 4, filed April 27, 2005. The judge's pressing criminal docket
22  does not allow for his immediate attention to this matter before
23  May 6, 2005. See Order entered April 27, 2005, Docket Document
24  No. 3.

25       We look at this file from the perspective of Plaintiffs' new
26  request for a temporary restraining order and preliminary injunction
27  against Defendants.

28       Having examined the record, the court **affirms** its earlier
29  decision not to grant a temporary restraining order, and further

Civil No. 05-1454 (PG)                                                                -2-

**denies** Plaintiffs' request for an expedited preliminary injunction hearing before May 6.

Even assuming a willful violation of the copyright laws during the upcoming activity scheduled for the weekend ending on May 1, Plaintiffs' allegations fail to establish that an irreparable damage will occur. Any single discrete violation of the type alleged can be addressed by a trial on the merits, and any eventual monetary judgment can be executed following ordinary procedures. Therefore, the request for injunctive relief is denied. The parties are advised, however, that laws, as well as copyrights, are in place to be observed and followed, and willful violations to these laws eventually end in appropriate redress. The conduct of the parties in the next few days will indelibly mark their positions, for which they are accountable not only before organized law-abiding society, but also before this court.

The May 6 setting is **VACATED**. The presiding judge will determine the case's scheduling under Fed. R. Civ. P. 16. Any amendment to the pleadings to include natural persons in lieu of fictitious defendants shall be made **within ten (10) days**.

Finally, the court urges the parties to responsibly consider settling this matter, inasmuch as an amicable disposition seems to be a civilized alternative to this controversy.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of April, 2005.

Civil No. 05-1454 (PG)                                                    -3-

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                  Chief U. S. District Judge