**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ACEMLA DE PUERTO RICO, ET AL.,<br><br>   Plaintiffs,<br><br>      v.<br><br>EL PERIODICO DE LA NACION<br>PUERTORRIQUENA, ET AL.,<br><br>   Defendants. | CIVIL NO. 05-1454 (PG) |

**OPINION & ORDER**

**I. BACKGROUND**

   The above-captioned claim was filed on April 27, 2005 by plaintiffs ACEMLA and LAMCO (hereinafter "Plaintiffs") seeking damages as well as a temporary restraining order ("TRO") and a preliminary injunction against the defendants for copyright infringement. See Dockets No. 1-2, 4. The Plaintiffs request for a TRO and a preliminary injunction were both denied. See Dockets No. 3, 5. Thereafter, at a status conference held on February 9, 2006, the parties informed the Court that there was a related case before Chief Judge Fuste, Civil Case No. 05-1242 (JAF), and that Plaintiff would file a motion to consolidate both cases. Because Judge Fuste's case was older, the Court informed the parties that it was up to him to grant the consolidation, and that if consolidation was denied, this case would be stayed pending the resolution of the case before Judge Fuste.

   It stems from the docket report that this Court was never informed of the status of the consolidation, and thus, on September 29, 2006, this Court entered an order to show cause as to why the case should not be dismissed for lack of prosecution. See Docket No. 29. Plaintiffs timely responded and informed the Court that Judge Fuste had refused to consolidate the cases, and thus, they understood this case was stayed until the resolution of Civil Case No. 05-1242. See Docket No. 30.

   Almost a year and a half later, a status conference was scheduled at the initiative of this Court. On February 21, 2008, the conference was held and the Court was apprised of the status of this case. See Docket No. 32. The Court learned that on May 8, 2006, final judgment dismissing the

Civil No. 05-1454 (PG)                                                   Page 2

plaintiff's claim was entered in the case before Judge Fuste, and that on August 7, 2007, the dismissal was affirmed by the First Circuit Court of Appeals, see Brown v. Latin American Music Co., Inc., 498 F.3d 18 (1st Cir. 2007). After a brief discussion of the proceedings in said case, the Plaintiffs moved the Court to dismiss this case without prejudice. In response, the defendants requested that the dismissal be with prejudice instead. The Court instructed counsel to put their positions in writing. See Docket No. 35.

Before the Court now is Plaintiffs' motion requesting that this case be reassigned to another judge or, in the alternative, that the case be dismissed without prejudice. See Docket No. 36. The Court hereby **DENIES** the Plaintiffs' request for the reassignment of this action, and thus, moves on to the issue of dismissal without prejudice.

Co-defendant El Periódico de la Nación Puertorriqueña (hereinafter "Claridad" or "co-defendant") opposed the Plaintiffs' request for dismissal without prejudice and asks that the dismissal be with prejudice. See Docket No. 37. According to Claridad, the Plaintiffs have failed to prosecute the instant case. In addition, Claridad argues that the Plaintiffs obtained an adverse ruling in the case before Judge Fuste, which presented similar issues to the ones before this Court, and thus, dismissal without prejudice would allow for the refiling of this suit and the possibility of relitigating the same issues, thereby causing legal prejudice to the defendants.

**II. DISCUSSION**

"Rule 41(a) of the Federal Rules of Civil Procedure provides for voluntary dismissals. Rule 41(a)(1) permits a voluntary dismissal by the plaintiff either before an answer or a summary judgment motion is served or on the stipulation of all parties." Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 49 (1st Cir.1981). Because the Plaintiffs' motion here was filed after the co-defendant had answered the complaint, paragraph (2) of Rule 41(a) applies, which states:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2).

Civil No. 05-1454 (PG)                                                    Page 3

"[T]he intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. … . Whether, and on what terms, a dismissal without prejudice may be granted, is a matter left initially to the trial court's discretion." Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961) (internal citations omitted). In deciding whether to grant a Rule 41(a)(2) motion, courts should look to the following factors: (1) the non-movant's effort and expense in preparation for trial, (2) whether the movant has demonstrated a lack of diligence or occasioned excessive delay in prosecuting the action, (3) the sufficiency of the reason for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the non-movant. See Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir. 2000). Notwithstanding, the enumeration of these factors is simply a guide for the trial judge, in whom the discretion ultimately rests. Id. (citing Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir.1980)).

Here, the circumstances of this case reveal that the Plaintiff has been less than diligent in the prosecution of this action. Not only did the Plaintiffs not inform the Court that Judge Fuste had not granted the consolidation, but they also failed to notify the Court that final judgment was entered in said case. It was only after this Court set a status conference that we became aware that the proceedings in this case should have continued their course on August of 2007, at the latest; that is, six months before the status conference took place. In addition to Plaintiffs' lack of diligence, the Court finds that the movants three-paragraph motion for dismissal without prejudice fails to provide this Court with sufficient support in favor of their request, other than their desire that the presiding judge in this case be changed. On the other hand, we note that this case was stayed at the onset of the discovery process and no motions for summary judgment were filed by the defendants. Thus, in light of the foregoing, we are forced to conclude that a weighing of the relevant factors equally favors and disfavors the Plaintiffs in their request for dismissal pursuant to Rule 41(a)(2).

The Court notes, however, that according to the applicable caselaw "[d]ismissal without prejudice should be permitted under the rule unless the court finds that the defendant will suffer legal prejudice. Neither the prospect of a second suit nor a technical advantage to the plaintiff should

Civil No. 05-1454 (PG)                                                    Page 4

bar the dismissal." Puerto Rico Maritime Shipping Authority, 668 F.2d at 50. Accordingly, Claridad's concern that a dismissal without prejudice would allow the Plaintiffs to refile their action is not a proper ground to propel this Court to deny the Plaintiffs' motion.[1] Therefore, we are unable to find that the defendants will truly suffer the kind of legal prejudice that would compel this Court to deny the Plaintiffs' request for dismissal without prejudice.

Now, although Rule 41(a)(2) does not always require the imposition of costs as a condition to a voluntary dismissal, it is usually considered necessary for the protection of the defendant. See id. at 51 (citing 5 Moore's Federal Practice P 41.06 & n.2, at 41-83 to 41-84 (3d ed. 1981)). "The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge, … , as does the decision of whether to impose attorney's fees, … ." Id. (internal citations omitted). Hence, keeping in mind the interests of the defendants, this Court will condition the dismissal without prejudice of this action on the payment of the costs and attorney fees incurred by Claridad in this litigation, however short-lived.

For all the reasons set forth above, this Court **GRANTS** Plaintiffs' motion to dismiss without prejudice (Docket No. 36) and orders them to reimburse Claridad for the attorney fees and costs incurred in their defense thus far.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 17, 2008.

                                          S/ JUAN M. PEREZ-GIMENEZ
                                          JUAN M. PEREZ-GIMENEZ
                                          SENIOR U. S. DISTRICT JUDGE

---

[1] Even if the Plaintiff raises similar issues in their second suit as those litigated and adjudged in the case before Judge Fuste, the defendants would be able to raise a collateral estoppel or issue preclusion defense.